UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GWENDOLYN SCOTT-ADAMS,

        Plaintiff,

-against-

H&M; ANDREW L. SATENBERG, ESQ., PARTNER,

        Defendants.



19-CV-7941 (GBD)

ORDER OF SERVICE

GEORGE B. DANIELS, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993 and New York State and City Human Rights Laws, alleging that her employer discriminated against her based on her race, age, and disability. By order dated August 26, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

**STANDARD OF REVIEW**

The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.

## DISCUSSION

### A. Andrew L. Satenberg

Plaintiff's claims against Andrew L. Satenberg must be dismissed. It is well settled that only the employer may be held liable under Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e-5(b); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (per curiam) (noting that individuals are not subject to liability under Title VII); *Rice v. Scudder Kemper Investments, Inc.*, No. 01 Civ. 7078 (RLC), 2003 WL 1846934, at *2 (S.D.N.Y. Apr. 8, 2003) (noting that only employers are subject to liability under Title VII ). Thus, individual defendants in a Title VII action are subject to dismissal. *Tomka*, 66 F.3d at1313. Furthermore, according to the documents attached to Plaintiff's complaint Satenberg was the attorney who represented H&M for the administrative proceedings. Plaintiff

2

does not allege that this Defendant was in any way involved in the alleged violations of her rights. Plaintiff's claims against Andrew L. Satenberg, Esq., Partner, are therefore dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Service on H&M**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant H&M through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to

issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against Andrew L. Satenberg, Esq., Partner. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is further instructed to complete the USM-285 forms with the address for H&M and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: **AUG 2 7 2019**
New York, New York

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4

## DEFENDANT AND SERVICE ADDRESS

H&M
150 East 86th Street
New York, New York 10028